| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Martin W. Phillips (Cal Bar # 96576)<br>Law Offices of Martin W. Phillips<br>8180 E. Kaiser Boulevard, Suite 100<br>Anaheim Hills, California 92808<br>Phone: 714-282-2432<br>Fax:    714-282-2434<br>e-mail: marty.phillips@att.net | |

☐ *Individual appearing without attorney*
☒ *Attorney for:* Movant

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>James Edward Crisman; Janet Marie Crisman | CASE NO.: 1:15-bk-10478-AA<br><br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** |
| Debtor(s). | DATE: 03/11/2015<br>TIME: 9:30 am<br>COURTROOM: 303 |

**Movant:** Kinecta Federal Credit Union

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than *(date)* _____ and *(time)* _____; and, you may appear at the hearing.

    a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 02/18/2015

Law Offices of Martin W. Phillips
Printed name of law firm (if applicable)

Martin W. Phillips
Printed name of individual Movant or attorney for Movant

/s/ Martin W. Phillips
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 2                          F 4001-1.RFS.UD.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

1. **Movant is the:**

   a. ☒ Owner of the Property
   b. ☐ Authorized Agent of the owner of the Property
   c. ☐ Other (specify):

2. **The Property at Issue (Property):**

   Type of Property: ☒ Residential  ☐ Nonresidential

   *Street Address*: 23625 Nadir Street
   *Unit/Suite Number*:
   *City, State, Zip Code*: Los Angeles (Canoga Park area), California 91304

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary   petition under chapter   ☐ 7  ☐ 11  ☐ 12  ☒ 13
   was filed on (*date*):

   b. ☐ An order to convert this case to chapter   ☐ 7  ☐ 11  ☐ 12  ☐ 13
   was entered on (*date*):

   c. ☐ A plan was confirmed on (*date*):

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

   a. ☒ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

   (1) ☒ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

   (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

   (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

   (4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

5. **Grounds for Relief from Stay: (*check all that apply*)**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

   (1) ☒ Movant caused a notice to quit to be served on the Debtor.

   (2) ☒ An unlawful detainer proceeding was commenced on (*date*) 02/24/2014 .

   (3) ☒ An unlawful detainer judgment was entered on (*date*) 11/05/2014 .

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 3                              **F 4001-1.RFS.UD.MOTION**

    (4) ☒ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

    (5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b.  ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

    (1) ☐ The lease or other right of occupancy expired by its terms on (*date*) _____.

    (2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____.

    (3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

    (4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

    (5) ☒ The bankruptcy case was filed in bad faith:

        (A) ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

        (B) ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

        (C) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

        (D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c.  ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6.  **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a.  ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c.  ☐ Other:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    **Page 4**                **F 4001-1.RFS.UD.MOTION**

7. **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a.   The UNLAWFUL DETAINER DECLARATION on page 7.

    b.   ☐  Supplemental declaration(s).

    c.   ☐  Other (*specify*):


**Movant requests the following relief.**

1.   Relief from stay pursuant to:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)

2.  ☒  Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3.  ☐  Confirmation that there is no stay in effect.

4.  ☐  The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5.  ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.  ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.  ☒  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
      ☐  without further notice.
      ☒  upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8.  ☒  Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9.  ☐  The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
      ☐  without further notice.
      ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☒  The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☒  The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 5                                  **F 4001-1.RFS.UD.MOTION**

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

    a. ☐ Establishment of a deadline for assumption or rejection of the lease.

    b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date: <u>02/18/2015</u>

                                          Law Offices of Martin W. Phillips
                                          Print name of law firm (*if applicable*)

                                          Martin W. Phillips
                                          Print name of individual Movant or attorney for Movant (*if applicable*)

                                          /s/ Martin W. Phillips
                                          Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# UNLAWFUL DETAINER DECLARATION

I, (*name of declarant*) Martin W. Phillips _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (*specify*):

   a. ☐ I am the Movant and owner of the Property.

   b. ☐ I manage the Property as the authorized agent for the Movant.

   c. ☐ I am employed by Movant as (*title and capacity*):

   d. ☒ Other (*specify*):
      I am an attorney at law, licensed to practice in the State of California. At all relevant times, I have represented movant, Kinecta, in the underlying unlawful detainer proceedings.

2. a. ☒ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   ☒ Residential    ☐ Nonresidential

   *Street Address*: 23625 Nadir Street
   *Unit/Suite Number*:
   *City, State, Zip Code*: Los Angeles (Canoga Park area), California 91304

4. Movant is the ☒ legal owner of the Property, or ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit 1____. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Debtor asserts a possessory interest in the Property based upon:

   (1) ☐ a month-to-month tenancy

   (2) ☐ a lease that is in default

   (3) ☒ after a foreclosure sale that was held on (*date*): 01/24/2014___

   (4) ☐ other (*specify*):

6. The Debtor failed to pay:

   a. ☐ The monthly rent of $_____ beginning on (*date*): _____

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 7                          F 4001-1.RFS.UD.MOTION

b. ☐ Other obligations including:

    (1) ☐ Common area maintenance charges

    (2) ☐ Property taxes

    (3) ☐ Other obligations (*specify*):

7. Procedural status

    a. ☐ The lease matured or was rejected on (*date*) _____:

        (1) ☐ by operation of law.

        (2) ☐ by order of the court.

    b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) __01/30/2014__, and a true and correct copy is attached as Exhibit __2__.

    c. ☒ Before the bankruptcy petition was filed:

        (1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) __02/24/2014__, and a true and correct copy is attached as Exhibit __3__.

        (2) ☒ Trial was held on (*date*) __11/05/2014__.

        (3) ☐ Trial was continued to (*date*) _____.

        (4) ☒ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) __11/05/2014__, and a true and correct copy is attached as Exhibit __4__.

        (5) ☒ A writ of possession for the Property was issued on (*date*) __12/22/2014__, and a true and correct copy is attached as Exhibit __5__.

    d. After the bankruptcy petition was filed:

        (1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

        (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

        (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

        (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

            (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

            (B) ☐ Movant has not filed and served an objection.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 8                          **F 4001-1.RFS.UD.MOTION**

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ____. A hearing on this objection is set for: _____.

(6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

a. ☒ Residential, and is not producing income for the Debtor.

b. ☐ Commercial, but no reorganization is reasonably in prospect.

c. ☐ No longer property of the estate.

d. ☐ Other (specify):


10. ☒ The bankruptcy case was filed in bad faith:

a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other (specify):


11. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

b. ☒ Multiple bankruptcy cases affecting the Property include:

(1) Case name: James Edward Crisman; Janet M. Crisman _____
Chapter: 13 ____    Case number: 1:09-bk-24620-AA _____
Date filed: 11/03/2009 _____    Date discharged: _____    Date dismissed: 05/03/2013 _____
Relief from stay regarding the Property ☒ was ☐ was not granted.

(2) Case name: James Edward Crisman; Janet M. Crisman _____
Chapter: 13 ____    Case number: 1:13-bk-14604-VK _____
Date filed: 07/11/2013 _____    Date discharged: _____    Date dismissed: 01/16/2014 _____
Relief from stay regarding the Property ☒ was ☐ was not granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 9                                    F 4001-1.RFS.UD.MOTION

(3) Case name: _____

    Chapter: _____      Case number: _____

    Date filed: _____      Date discharged: _____      Date dismissed:_____

    Relief from stay regarding the Property  ☐ was  ☐ was not  granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

  c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/18/2015 | Martin W. Phillips | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 10                          F 4001-1.RFS.UD.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

8180 E. Kaiser Boulevard, Suite 100, Anaheim Hills, California 92808

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) 2-18-15, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached service list

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2-18-15 | Martin W. Phillips | |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1    James and Janet Crisman
     Case No. 1:15-bk-10478-AA
2
     Attachment to Proof of Service of Document
3    Form F 4001-1-RFS.UD

4
     Attachment to Paragraph II
5    Served by U.S. Mail

6    Service on following parties:

7    James Edward Crisman
     Janet Marie Crisman
8    23625 Nadir Street
     Canoga Park, California 91304                    Debtors
9
     Todd J. Roberts
10   16601 Ventura Blvd., 4th Floor
     Encino, California 91436                          Attorney for Debtors
11
     Elizabeth F. Rojas
12   Noble Professional Center
     15060 Ventura Blvd., Suite 240
13   Sherman Oaks, California 91403                    Chapter 13 Trustee

14   U.S. Trustee
     915 Wilshire Blvd., Suite 1850
15   Los Angeles, California 91007                     U.S. Trustee

16   Honorable Alan M. Ahart
     U.S. Bankruptcy Court
17   21041 Burbank Boulevard, Suite 342
     Woodland Hills, California 91367                  Assigned Judge
18
     Honorable Geraldine Mund
19   U.S. Bankruptcy Court
     21041 Burbank Boulevard, Suite 312
20   Woodland Hills, California 91367                  Assigned Judge for hearing

21

22

23

24

25

26

27

28

**This page is part of your document - DO NOT DISCARD**

## 20140086784




Pages:
0003

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**01/27/14 AT 08:00AM**

| | |
|---|---:|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**

201401272880027

00008795939

006003723

**SEQ:**
**01**

**ERDS - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E534811

E12



EXHIBIT 1

**PACIFIC COAST TITLE**
Recording requested by:

When recorded mail to:
Dovenmuehle Mortgage Inc.
1 Corporate Center Drive, Suite 360
Lake Zurich, IL 60047

Forward tax statements to the address given above

---

Space above this line for recorder's use only

Trustee Sale No. F09-00352    Loan No. 100012918 / 1425336466    Title Order No. 55008804

## Trustee's Deed Upon Sale

APN 2005-020-022

The undersigned grantor declares:
1)  The Grantee herein WAS the foreclosing beneficiary.
2)  The amount of the unpaid debt together with costs was: .................................. $676,918.52
3)  The amount paid by the grantee at the trustee sale was: .................................. $641,250.00
4)  The documentary transfer tax is: .................................................................... None
5)  Said property is in the City of Los Angeles, County of Los Angeles

Assured Lender Services, Inc., as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Kinecta Federal Credit Union**

(herein called Grantee), but without covenant or warranty, expressed or implied, all right, title, and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Los Angeles, State of California, described as follows:

**LOT 74, OF TRACT NO. 27452, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 719 PAGE(S) 92 THROUGH 96 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

RECITALS:

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 05/02/2006, executed by **James Edward Crisman and Janet M. Crisman, Trustees of the James Edward Crisman and Janet M. Crisman Living Trust dated September 12, 2002**, as Trustor, Recorded on 05/09/2006 as Document No. 06 1018094, Official Records in the Office of the Recorder of Los Angeles County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell under Deed of Trust (the "Notice of Default") which was recorded in the office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Trustee's Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 01/24/2014. Grantee, being the highest bidder at such sale, became the purchaser of said property for the amount bid being $641,250.00 in lawful



Trustee Sale No. F09-00352
Loan No. 100012918 / 1425336466
Title Order No. 55008804

money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

DATE: 1/24/14

Assured Lender Services, Inc.

Keith Attlesey, CEO

STATE OF CALIFORNIA
COUNTY OF ORANGE

On _1/24/14_ before me, N. Patrice Borrelli Parker, a Notary Public in and for said county, personally appeared Keith Attlesey, CEO who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public in and for said County and State



N.PATRICE BORRELLI PARKER
Commission # 2017240
Notary Public - California
Orange County
My Comm. Expires Apr 11, 2017

2

EXHIBIT 1
EXHIBIT 1

# NOTICE TO QUIT

(California C.C.P. § 1161a.(b)&(c); California C.C.P. § 1161b.)

(Federal: Public Law 111-22 Title VII Protecting Tenants
at Foreclosure Act of 2009)

TO:  JAMES EDWARD CRISMAN, JANET M. CRISMAN;
AND ALL UNNAMED TENANTS, SUBTENANTS, CLAIMANTS, AND ALL OTHERS IN
POSSESSION:

I.  <u>California C.C.P. § 1161a.(b)&(c); California C.C.P. § 1161b.</u>

  **A) NOTICE IS HEREBY GIVEN** that **(I)** within **Three(3) Days** after
service upon you of this Notice in the event you were, prior to the
Trustee's Sale, the former owner or a successor owner or claim
under such former owner of the property <u>or</u> **(II)** within **Ninety (90)
Days** after service upon you of this Notice, if at the time the
property was sold in foreclosure, you were **a tenant or subtenant** in
possession of the property (as a rental housing unit), and not the
former owner of the property or claim under the former owner of the
property, and a party to the note (that was secured by the Deed of
Trust that was foreclosed upon) does not remain in the property as
a tenant, subtenant, or occupant, you are required to quit and
deliver up possession of the real property you occupy at the
hereinafter described address to KINECTA FEDERAL CREDIT UNION, or
the undersigned who/which is authorized to receive the same.

  B) This notice is being given to you under the provisions of
subdivision 3, § 1161a.(b)&(c) and § 1161b. of the California Code
of Civil Procedure, in that the subject property has been duly sold
in accordance with § 2924 of the Civil Code, under a power of sale
contained in a deed of trust executed by you or a person under who
you claim, and the title under the sale has been duly perfected.

II.  <u>Federal: Public Law 111-22 Title VII Protecting Tenants at
Foreclosure Act of 2009</u>:

  **A) THIS NOTICE APPLIES TO YOU IF YOU WERE A BONAFIDE TENANT AS
OF THE DATE OF THE NOTICE OF FORECLOSURE OF THE SUBJECT REAL
PROPERTY IDENTIFIED BELOW:** That is if you 1) are not the mortgagor
or the child, spouse, or parent of the mortgagor, 2) have a lease
or tenancy that was the result of an arms-length transaction and,
3) the lease or tenancy requires the receipt of rent that is not
substantially less than fair market rent for the property.  If you
presently have a written lease, you are to immediately notify and
provide a copy to the undersigned at the address set forth below.

  **B) NOTICE IS HEREBY GIVEN** that within **Ninety (90) Days** after



service upon you of this Notice you are required to quit and
deliver up possession of the real property you occupy at the
hereinafter described address to KINECTA FEDERAL CREDIT UNION or
the undersigned who/which is authorized to receive the same.

C) This notice is being given to you under the provisions of
Public Law 111-22 Title VII Protecting Tenants at Foreclosure Act
of 2009, in that the subject property has been duly sold at a
foreclosure sale in accordance with § 2924 of the California Civil
Code, under a power of sale contained in a deed of trust executed
by person under who you claim, and the title under the sale has
been duly perfected.

III.  <u>Both State and Federal</u>:

A) In the event you have not vacated and relinquished
possession within the time specified above after service of this
notice upon you, you will be subject to court proceedings in the
form of an unlawful detainer proceeding, and will be responsible
for all court costs in accordance with California Law, as a result
of your failure to comply with the terms of this notice.  The
premises of which you are required to surrender possession are
situated in the CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE
OF CALIFORNIA, and designated by number and street as: 23625 NADIR
STREET, LOS ANGELES, CALIFORNIA 91304.

DATED this 28th day of January, 2014

                              _____
                              Martin W. Phillips, Attorney for
                              KINECTA FEDERAL CREDIT UNION


Law Offices of Martin W. Phillips
8180 E. Kaiser Blvd., Suite 100
Anaheim Hills, California 92808
(714)282-2432 (Hours 9:00 a.m to 5:00 p.m.)

EXHIBIT 2

# Law Offices of Martin W. Phillips

8180 E. Kaiser Boulevard., Suite 100
Anaheim Hills, California 92808
Telephone (714)282-2432
Fax (714)282-2434

January 28, 2014

DEAR OCCUPANT[S]:

The undersigned is counsel for KINECTA FEDERAL CREDIT UNION.  **My client may or may not have offered you compensation to immediately vacate the property.  Such offer, if made, is strictly limited to its terms, and is conditioned upon you vacating the property by the date specified by my client, irrespective of the Notice served herewith.**

Concurrently herewith, you are being served with a Notice to Quit.  You must immediately quit and deliver up possession of the real property upon expiration of the applicable notice period.  In the event you fail to comply with the Notice to Quit, an Unlawful Detainer Complaint will be filed against you without further notice.  In the Unlawful Detainer action, we shall seek in addition to possession of the premises, a money judgment for the reasonable rental value of the premises, court costs, and, if applicable, attorney's fees incurred.

Once a judgment is entered against you, the marshal or sheriff will remove you from the premises you now occupy.  My principal could also elect to garnish your wages, attach your non-exempt personal property for judicial sale, and/or conduct judgment debtor examinations in order to collect all monies due under said judgment.

In the event you comply with the terms of the Notice to Quit within the time specified therein, a lawsuit will not be filed.  It is therefore strongly recommended that you vacate the premises before the time allotted expires.  **In the event you have a written lease with the former owner of the real property, you must provide a copy of the lease to my office at the address set forth above within five (5) days of the date of this letter.  Whether or not you have a written lease, you must immediately notify the undersigned of the amount of rent you are and/or have been paying, otherwise, we will assume that you have not been paying rent and do not have a written or oral lease, and we will proceed accordingly.**  If you are on active duty in the United States Military, you must advise our office immediately, otherwise, we will assume you are not.

Very truly yours,

Martin W. Phillips

MWP/mp

EXHIBIT 2

# Law Offices of Martin W. Phillips

8180 E. Kaiser Boulevard., Suite 100
Anaheim Hills, California 92808
Telephone (714)282-2432
Fax (714)282-2434

January 28, 2014

## NOTICE TO RENTERS LIVING AT
## 23625 NADIR STREET, LOS ANGELES, CALIFORNIA 91304

The attached Notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five (5) days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.

You may have the right to stay in your home for ninety (90) days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

### HOW TO GET LEGAL HELP

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Internet Web site (http://www.lawhelpca.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Very truly yours,

Martin W. Phillips

EXHIBIT 2

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 24 2014

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
MINAYA LEWIS

1  MARTIN W. PHILLIPS, ESQ. (96576)
   LAW OFFICES OF MARTIN W. PHILLIPS
2  8180 Kaiser Boulevard, Suite 100
   Anaheim Hills, California 92808
3  Phone (714)282-2432
   Fax (714)282-2434
4

5  Attorney for Plaintiff,
   Kinecta Federal Credit Union
6

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8      COUNTY OF LOS ANGELES - SANTA MONICA COURTHOUSE

9

10

11                              ) CASE NO. 14R02075
                                )
12 KINECTA FEDERAL CREDIT UNION  ) C O M P L A I N T
                                )
13                              ) UNLAWFUL DETAINER
                                )
14              Plaintiff        ) [Action based on Code of Civil
                                ) Procedure § 1161a (b)(3)]
15        vs.                    ) (Under $10,000.00)
                                )
16 JAMES EDWARD CRISMAN; JANET M.)
   CRISMAN; DOES 1 TO 10,        )
17 inclusive                     )
                                )
18 _____Defendants_____      )

19     PLAINTIFF ALLEGES:

20     1.  Defendants, JAMES EDWARD CRISMAN AND JANET M. CRISMAN, are

21 the former owners of, and presently reside at the real property

22 located in the State of California, County of Los Angeles, commonly

23 described as 23625 Nadir Street, Los Angeles, California 91304.

24     2.  The true names and capacities, whether individual,

25 corporate, associate or otherwise, of defendants named herein as Does

26 1 to 10, Inclusive, are unknown to plaintiff, who therefore sues said

27 defendants by such fictitious names.  Plaintiff is informed and

28 believes that Does 1 through 10 claim some interest in the real

                              1

EXHIBIT 3

1 property which is the subject of this complaint and will pray leave

2 of court to amend this complaint to show their true names and

3 capacities when the same have been ascertained.

4     3. Plaintiff is now, and at all times mentioned herein was a

5 Federal Credit Union, and is authorized to, and is doing business in

6 the State of California.

7     4. The subject real property, possession of which is sought in

8 this action, is located at 23625 Nadir Street, Los Angeles, Los

9 Angeles County, State of California 91304, and is more particularly

10 described as follows:

11         LOT 74 of Tract No. 27452, in the City of Los Angeles,
        County of Los Angeles, State of California, as per map
12         recorded in Book 719, Page(s) 92 through 96 inclusive of
        maps, in the office of the County Recorder of said County.
13

14     5. Plaintiff is the owner of, and entitled to immediate

15 possession of the subject property.

16     6. Plaintiff owns the subject real property by virtue of a

17 nonjudicial foreclosure sale duly made and a deed executed and

18 delivered to plaintiff on January 24, 2014, by the authorized Trustee

19 pursuant to a Deed of Trust executed and delivered by defendants,

20 James Edward Crisman and Janet M. Crisman, as Trustees of the James

21 Edward Crisman and Janet M. Crisman Living Trust dated September 12,

22 2002, and recorded on May 9, 2006, in the official records in the

23 office of the County Recorder of Los Angeles County, State of

24 California. By the Deed of Trust, defendants, James Edward Crisman

25 and Janet M. Crisman, as Trustees of the James Edward Crisman and

26 Janet M. Crisman Living Trust dated September 12, 2002, conveyed the

27 subject real property to the Trustee as security for the payment of

28 a Promissory Note, payable to the beneficiary of the deed of trust.

EXHIBIT 3

7.   Defendants defaulted in the payment of the Promissory Note and thereafter, at the request of the owner and holder of the Promissory Note and Deed of Trust, the Trustee caused to be recorded in the official records of the County Recorder of Los Angeles County, California, a Notice of Default and Election to Sell Under Deed of Trust and its election to sell the subject real property to satisfy the obligation thereby secured.

8.   More than three months after recordation of the Notice of Default, the Trustee gave notice of the time and place of the sale of the subject real property in accordance with the laws of the State of California, and the terms of the Deed of Trust.

9.   On January 24, 2014, at public auction in Los Angeles County, California, in accordance with the laws of the State of California including Civil Code Section 2924 et seq., the Trustee sold the subject real property to plaintiff, and thereafter executed and delivered to plaintiff a Trustee's Deed therefore, which Trustee's Deed was duly perfected and recorded as Instrument No. 20140086784 in the official records in the office of the County Recorder of Los Angeles County, California, on January 27, 2014. A copy of the Trustee's Deed is attached hereto, marked Exhibit "1" and made a part hereof.

10.   On January 30, 2014 at 23625 Nadir Street, Los Angeles, California 91304, plaintiff caused to be served on defendants, and each of them, a written notice requiring them to quit and deliver up possession of the subject real property to plaintiff upon expiration of the notice period. Copies of the notice and the Proof of Service are attached hereto marked Exhibit "2" collectively and made a part hereof.

3

EXHIBIT 3

11.   More than three days have elapsed since the service of the notice, but defendants have failed and refused to deliver up possession of the subject property.

12.   Defendants continue in possession of the subject real property without plaintiff's permission or consent. Such continuance in possession by defendants is willful, intentional, deliberate and obstinate.

13.   The reasonable value of the use and occupancy of the subject real property is the sum of $100.00 per day, and damages to plaintiff caused by defendants' unlawful detention thereof have accrued at said rate since February 3, 2014, and will continue to accrue at said rate so long as defendants remain in possession of the subject real property. Defendants have never paid any rent to plaintiff, nor have defendants paid any sum whatsoever to plaintiff since the Trustee's Sale on January 24, 2014.

WHEREFORE, plaintiff prays judgment against defendants, and each of them as follows:

1.   Restitution of the subject real property;

2.   Damages at the rate of $100.00 per day from February 3, 2014, for each day that defendants continue in possession of the subject real property;

3.   Costs of suit incurred herein;

4.   For such other relief as the court deems just.

DATED: February 10, 2014

_____
MARTIN W. PHILLIPS, Attorney for
Plaintiff, Kinecta Federal Credit
Union

4



EXHIBIT 1

EXHIBIT 3



**This page is part of your document - DO NOT DISCARD**

# 20140086784





**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**01/27/14 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



L E A D S H E E T



201401272880027

00008795939

006003723

**SEQ:**
**01**

**ERDS - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E534011

E12



## PACIFIC COAST TITLE
Recording requested by:

When recorded mail to:
Dovenmuehle Mortgage Inc.
1 Corporate Center Drive, Suite 360
Lake Zurich, IL 60047

Forward tax statements to the address given above

---

Space above this line for recorder's use only
Trustee Sale No. F09-00352    Loan No. 100012918 / 1425336466    Title Order No. 55008804

# Trustee's Deed Upon Sale

APN 2005-020-022

The undersigned grantor declares:
1)    The Grantee herein WAS the foreclosing beneficiary.
2)    The amount of the unpaid debt together with costs was: .................................... $676,918.52
3)    The amount paid by the grantee at the trustee sale was:.................................. $641,250.00
4)    The documentary transfer tax is: ...................................................................... None
5)    Said property is in the City of Los Angeles, County of Los Angeles

Assured Lender Services, Inc., as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Kinecta Federal Credit Union**

(herein called Grantee), but without covenant or warranty, expressed or implied, all right, title, and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Los Angeles, State of California, described as follows:

**LOT 74, OF TRACT NO. 27452, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 719 PAGE(S) 92 THROUGH 96 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

RECITALS:

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 05/02/2006, executed by **James Edward Crisman and Janet M. Crisman, Trustees of the James Edward Crisman and Janet M. Crisman Living Trust dated September 12, 2002, as Trustor,** Recorded on 05/09/2006 as Document No. 06 1018094, Official Records in the Office of the Recorder of Los Angeles County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell under Deed of Trust (the "Notice of Default") which was recorded in the office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Trustee's Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 01/24/2014.  Grantee, being the highest bidder at such sale, became the purchaser of said property for the amount bid being $641,250.00 in lawful

1


EXHIBIT 3
EXHIBIT 1

Trustee Sale No. F09-00352
Loan No. 100012918 / 1425336466
Title Order No. 55008804

money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed
of Trust.

DATE: 1/24/14

Assured Lender Services, Inc.

Keith Attlesey, CEO

STATE OF CALIFORNIA
COUNTY OF ORANGE

On  1/24/14  before me, N. Patrice Borrelli Parker, a Notary Public in and for said county,
personally appeared Keith Attlesey, CEO who proved to me on the basis of satisfactory evidence to be the
person whose name is subscribed to the within instrument and acknowledged to me that he/she executed
the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the
entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

N. Patrice Borrelli Parker
Notary Public in and for said County and State



N. PATRICE BORRELLI PARKER
Commission # 2017240
Notary Public - California
Orange County
My Comm. Expires Apr 11, 2017

2

EXHIBIT 3
EXHIBIT 1

EXHIBIT 2

EXHIBIT 3

# NOTICE TO QUIT

(California C.C.P. § 1161a.(b)&(c); California C.C.P. § 1161b.)

(Federal: Public Law 111-22 Title VII Protecting Tenants
at Foreclosure Act of 2009)

TO: JAMES EDWARD CRISMAN, JANET M. CRISMAN;
AND ALL UNNAMED TENANTS, SUBTENANTS, CLAIMANTS, AND ALL OTHERS IN
POSSESSION:

I.  <u>California C.C.P. § 1161a.(b)&(c); California C.C.P. § 1161b.</u>

   **A) NOTICE IS HEREBY GIVEN** that **(I)** within **Three(3) Days** after
service upon you of this Notice in the event you were, prior to the
Trustee's Sale, the former owner or a successor owner or claim
under such former owner of the property <u>or</u> **(II)** within **Ninety (90)
Days** after service upon you of this Notice, if at the time the
property was sold in foreclosure, you were **a tenant or subtenant** in
possession of the property (as a rental housing unit), and not the
former owner of the property or claim under the former owner of the
property, and a party to the note (that was secured by the Deed of
Trust that was foreclosed upon) does not remain in the property as
a tenant, subtenant, or occupant, you are required to quit and
deliver up possession of the real property you occupy at the
hereinafter described address to KINECTA FEDERAL CREDIT UNION, or
the undersigned who/which is authorized to receive the same.

   B) This notice is being given to you under the provisions of
subdivision 3, § 1161a.(b)&(c) and § 1161b. of the California Code
of Civil Procedure, in that the subject property has been duly sold
in accordance with § 2924 of the Civil Code, under a power of sale
contained in a deed of trust executed by you or a person under who
you claim, and the title under the sale has been duly perfected.

II.  <u>Federal: Public Law 111-22 Title VII Protecting Tenants at
Foreclosure Act of 2009</u>:

   **A) THIS NOTICE APPLIES TO YOU IF YOU WERE A BONAFIDE TENANT AS
OF THE DATE OF THE NOTICE OF FORECLOSURE OF THE SUBJECT REAL
PROPERTY IDENTIFIED BELOW:** That is if you 1) are not the mortgagor
or the child, spouse, or parent of the mortgagor, 2) have a lease
or tenancy that was the result of an arms-length transaction and,
3) the lease or tenancy requires the receipt of rent that is not
substantially less than fair market rent for the property.  If you
presently have a written lease, you are to immediately notify and
provide a copy to the undersigned at the address set forth below.

   **B) NOTICE IS HEREBY GIVEN** that within **Ninety (90) Days** after



service upon you of this Notice you are required to quit and deliver up possession of the real property you occupy at the hereinafter described address to KINECTA FEDERAL CREDIT UNION or the undersigned who/which is authorized to receive the same.

C) This notice is being given to you under the provisions of Public Law 111-22 Title VII Protecting Tenants at Foreclosure Act of 2009, in that the subject property has been duly sold at a foreclosure sale in accordance with § 2924 of the California Civil Code, under a power of sale contained in a deed of trust executed by person under who you claim, and the title under the sale has been duly perfected.

III.  Both State and Federal:

A) In the event you have not vacated and relinquished possession within the time specified above after service of this notice upon you, you will be subject to court proceedings in the form of an unlawful detainer proceeding, and will be responsible for all court costs in accordance with California Law, as a result of your failure to comply with the terms of this notice. The premises of which you are required to surrender possession are situated in the CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, and designated by number and street as: 23625 NADIR STREET, LOS ANGELES, CALIFORNIA 91304.

DATED this 28th day of January, 2014

Martin W. Phillips, Attorney for
KINECTA FEDERAL CREDIT UNION


Law Offices of Martin W. Phillips
8180 E. Kaiser Blvd., Suite 100
Anaheim Hills, California 92808
(714)282-2432 (Hours 9:00 a.m to 5:00 p.m.)

EXHIBIT 3

EXHIBIT 2

# Law Offices of Martin W. Phillips

8180 E. Kaiser Boulevard., Suite 100
Anaheim Hills, California 92808
Telephone (714)282-2432
Fax (714)282-2434

January 28, 2014

DEAR OCCUPANT[S]:

The undersigned is counsel for KINECTA FEDERAL CREDIT UNION. **My client may or may not have offered you compensation to immediately vacate the property. Such offer, if made, is strictly limited to its terms, and is conditioned upon you vacating the property by the date specified by my client, irrespective of the Notice served herewith.**

Concurrently herewith, you are being served with a Notice to Quit. You must immediately quit and deliver up possession of the real property upon expiration of the applicable notice period. In the event you fail to comply with the Notice to Quit, an Unlawful Detainer Complaint will be filed against you without further notice. In the Unlawful Detainer action, we shall seek in addition to possession of the premises, a money judgment for the reasonable rental value of the premises, court costs, and, if applicable, attorney's fees incurred.

Once a judgment is entered against you, the marshal or sheriff will remove you from the premises you now occupy. My principal could also elect to garnish your wages, attach your non-exempt personal property for judicial sale, and/or conduct judgment debtor examinations in order to collect all monies due under said judgment.

In the event you comply with the terms of the Notice to Quit within the time specified therein, a lawsuit will not be filed. It is therefore strongly recommended that you vacate the premises before the time allotted expires. **In the event you have a written lease with the former owner of the real property, you must provide a copy of the lease to my office at the address set forth above within five (5) days of the date of this letter. Whether or not you have a written lease, you must immediately notify the undersigned of the amount of rent you are and/or have been paying, otherwise, we will assume that you have not been paying rent and do not have a written or oral lease, and we will proceed accordingly.** If you are on active duty in the United States Military, you must advise our office immediately, otherwise, we will assume you are not.

Very truly yours,

Martin W. Phillips

MWP/mp

EXHIBIT 3
EXHIBIT 2

# Law Offices of Martin W. Phillips

8180 E. Kaiser Boulevard., Suite 100
Anaheim Hills, California 92808
Telephone (714)282-2432
Fax (714)282-2434

January 28, 2014

## NOTICE TO RENTERS LIVING AT
## 23625 NADIR STREET, LOS ANGELES, CALIFORNIA 91304

The attached Notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days.  If your name is on the papers it may hurt your credit if you do not respond and simply move out.

Also, if you do not respond within five (5) days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have.  In some cases, you can respond without hurting your credit.  You should ask a lawyer about it.

You may have the right to stay in your home for ninety (90) days or longer, regardless of any deadlines stated on any attached papers.  In some cases and in some cities with a "just cause for eviction law," you may not have to move at all.  But you must take the proper legal steps in order to protect your rights.

## HOW TO GET LEGAL HELP

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program.  You can locate these nonprofit groups at the California Legal Services Internet Web site (http://www.lawhelpca.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Very truly yours,

Martin W. Phillips



## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF Los Angeles

I have read the foregoing <u>Complaint - Unlawful Detainer</u>

_____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[x] I am [x] an Officer ☐ a partner ___ [x] a _____ of <u>Kinecta Federal</u> <u>Credit Union</u> a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [x] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ____ 2/12/14 ____, at <u>Manhattan Beach</u> _____, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_JOHNNIE SACKS, FVP_

Type or Print Name

_____
Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____. State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

_____

On, _____ I served the foregoing document described as _____

_____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____, at _____. California.
☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____. California.
☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Type or Print Name                              Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)



Legal
Solutions
& Plus          Rev. 7/99



| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>**NOV 05 2014**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Manny Mabunga, Deputy |

COURTHOUSE ADDRESS:
*1725 Main St, Santa Monica, Cal*

PLAINTIFF:
*Kinecta Federal Credit Union*

DEFENDANT:
*James Edward Crisman; Janet M Crisman*

| **UNLAWFUL DETAINER STIPULATION AND JUDGMENT** | CASE NUMBER:<br>*14R02075* | DEPT./DIV.<br>*5* |
|---|---|---|

THE PARTIES STIPULATE (AGREE) AS FOLLOWS:

1. Judgment shall be entered in favor of plaintiff as named in the complaint and against the following defendants:
   *(Identify and name defendants exactly as judgment is to be entered. Do not abbreviate or use "etc." or et al.")*

   *James Edward Crisman; Janet M. Crisman; All unnamed through*
   *subtenants, claimants, and all others in possession.*

2. Judgment shall be entered for:

   | | | |
   |---|---|---|
   | Past Due Rent | $_____ | ☐ Defendant(s) rights under lease or rental agreement are forfeited |
   | Holdover Damages | $ *33,000.00* | |
   | Attorney fees | $_____ | ☒ Plaintiff is awarded possession of the premises located at |
   | Costs | $ *505.00* | (including apartment number, if applicable): *23625* |
   | TOTAL | $ *33,505.00* | *Placir Street, Los Angeles, California*<br>*91304* |

3. Defendant(s) security deposit, if any:

   ☐ shall be returned or accounted for by plaintiff within 21 days after defendant(s) vacate the premises (Civ. Code, § 1950.5).

   ☐ shall be retained by the plaintiff and defendant(s) waive(s) any claim to its return.

4. Judgment shall be entered:

   ☐ now

   ☒ now and stay enforcement of judgment as follows: a writ of possession may be issued forthwith, but no final lockout prior to

   *January 10, 2015*
   _____ /(date)

   ☐ only upon default by defendant(s) in the performance of any of the obligations required by this stipulation.

5. ☒ Defendant(s) agree(s) to vacate the subject premises by *January 10, 2015,* removing all personal property and persons covered by this stipulation.

LACIV 136 (Rev. 01/07)
LASC Approved 09-05

EXHIBIT 4

6. Plaintiff and defendant(s) further stipulate as follows: _In the event defendant vacate the_
_premises on or before January 10, 2015, monetary damages_
_shall be waived.* Defendant confirm that there are no_
_other occupants of the property *In addition, in order_
_for monetary damages to be waived, defendant shall_
_leave the property in good condition, broom swept,_
_carrying no damage and Defendant shall vacate the_
_property on or before January 10, 2015, taking with_
_them all of their personal property, trashing all furry_
_and attachments, Landlord. The patterns shall not be_
_allowed, implicit if the property to continue existing_
_as was. * Landlord shall provide written notice. By_
_January 10,_
_2015_

7. ☒ Defendant(s) agree(s) to pay the amount set forth in Paragraph 2 on the schedule set forth below.  In the event of default in payment, a writ of execution may be issued for the remaining balance on the judgment creditor's verified application, without further notice or hearing.

_All Notices shall be given to the parties attorneys_
Ⓧ _The parties agree that this judgment shall be sealed_

8. ☒ **WAIVER OF RIGHTS:** We, the undersigned defendants, understand that we have the following rights: (a) to be represented by an attorney of our own choice, at our own expense; and (b) to notice and an opportunity to be heard on the issue of any default in payment of installments, or on any other alleged violation of conditions staying the enforcement of the judgment.  We give up these rights and freely agree that judgment may be entered against us in accordance with this stipulation.

9. ☐ _____ acknowledge(s) receiving assistance from a
(name[s])
_____ language interpreter in the preparation and execution of this stipulation.

Date: 11-5-14   _Marbaln Bellin_
(TYPE OR PRINT NAME)                      ▶ _____ (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: 11/5/14   _Robert T Lune_
(TYPE OR PRINT NAME)                      ▶ _____ (SIGNATURE OF DEFENDANT OR ATTORNEY)

Date: 11/5/14   _Tiffiny J. Ramirez_
(TYPE OR PRINT NAME)                      ▶ _____ (SIGNATURE OF DEFENDANT OR ATTORNEY)

Date: _____   _____
(TYPE OR PRINT NAME)                      ▶ _____ (SIGNATURE OF DEFENDANT OR ATTORNEY)

☒ The Court hereby orders the above named parties to comply with the terms of the stipulation, and the clerk is directed to enter this stipulation as judgment.

☒ Proof having been made to the satisfaction of the court, Plaintiff is also granted judgment as to all unnamed tenants. (Code Civ. Proc., § 415.46.)

☐ The above named parties agree to abide by the terms of the stipulation which is approved by the court.  The case is calendared for dismissal or entry of judgment on _____ at _____ in Department _____ .

_11-5-14_
DATED                                      JUDICIAL OFFICER

**H. JAY FORD III**

LACIV 136 (Rev. 01/07)
LASC Approved 09-05                     **DISTRIBUTION:** Original – Court Case File     Copy – Plaintiff     Copy – Defendant
**UNLAWFUL DETAINER STIPULATION AND JUDGMENT**

Code Civ. Proc., §§ 415.46, 664.6
Civ. Code, § 1950
Page 2 of 2

EXHIBIT 4

EJ-130

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number and address):
Martin W. Phillips (Bar # 96576)
Law Offices of Martin W. Phillips
8180 E. Kaiser Boulevard, Suite 100
Anaheim Hills, California 92808

TELEPHONE NO.: 714-282-2432    FAX NO.: 714-282-2434
E-MAIL ADDRESS: marty.phillips@att.net
ATTORNEY FOR (Name): Plaintiff, Kinecta Federal Credit Uni

☐ ATTORNEY FOR  ☒ JUDGMENT CREDITOR  ☐ ASSIGNEE OF RECORD

FOR COURT USE ONLY

SHERIFF'S COURT SVCS
CHATSWORTH V.
2015 FEB 10 PM 1:51
BY_____
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, California 90401
BRANCH NAME: Santa Monica Courthouse

PLAINTIFF: Kinecta Federal Credit Union

DEFENDANT: James Edward Crisman; Janet M. Crisman

| WRIT OF | ☐ EXECUTION (Money Judgment) | | CASE NUMBER: |
|---|---|---|---|
| | ☒ POSSESSION OF | ☐ Personal Property | 14R02075 |
| | ☐ SALE | ☒ Real Property | |

☒ Limited Civil Case   ☐ Small Claims Case
☐ Unlimited Civil Case  ☐ Other _____

1. To the Sheriff or Marshal of the County of: Los Angeles
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. (Name): Kinecta Federal Credit Union
   is the ☒ judgment creditor  ☐ assignee of record  whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity stated in judgment if not a natural person, and last known address):

   ┌─────────────────────────────┐
   │ James Edward Crisman         │
   │ 23625 Nadir Street           │
   │ Los Angeles, California 91304│
   │                              │
   └─────────────────────────────┘

   ☒ Additional judgment debtors on next page

5. Judgment entered on (date): November 5, 2014

6. ☐ Judgment renewed on (dates):

7. Notice of sale under this writ
   a. ☒ has not been requested.
   b. ☐ has been requested (see next page).

8. ☐ Joint debtor information on next page.

[SEAL]

9. ☒ See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. ☐ This writ is issued on a sister-state judgment.
11. Total judgment ..................... $ _____
12. Costs after judgment (per filed order or memo CCP 685.090) ............. $ _____
13. Subtotal (add 11 and 12) ........... $ _____
14. Credits .......................... $ _____
15. Subtotal (subtract 14 from 13) .... $ _____
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees) ... $ _____
17. Fee for issuance of writ .......... $ _____
18. Total (add 15, 16, and 17) ........ $ _____
19. Levying officer:
    (a) Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) of ......... $ _____
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) ............... $ _____
20. ☐ The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on (date): DEC 2 2 2014    Clerk, by _____, Deputy
                                            Myra Pratt

NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2012]

WRIT OF EXECUTION

Legal
Solutions
®, Plus

Page 1 of 2
Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5

EXHIBIT 5

| PLAINTIFF: Kinecta Federal Credit Union | CASE NUMBER: | EJ-130 |
|---|---|---|
| DEFENDANT: James Edward Crisman; Janet M. Crisman | 14R02075 | |

— Items continued from page 1—

21. [X] Additional judgment debtor (name, type of legal entity stated
in judgment if not a natural person, and last known address):

Janet M. Crisman
23625 Nadir Street
Los Angeles, California 91304x

22. [ ] Notice of sale has been requested by (name and address):

23. [ ] Joint debtor was declared bound by the judgment (CCP 989–994)
a. on (date):
b. name, type of legal entity stated in judgment if not a
natural person, and last known address of joint debtor:

a. on (date):
b. name, type of legal entity stated in judgment if not
a natural person, and last known address of joint debtor:

c. [ ] additional costs against certain joint debtors (itemize):

24. [X] (Writ of Possession or Writ of Sale) Judgment was entered for the following:
a. [X] Possession of real property: The complaint was filed on (date): February 24, 2014
(Check (1) or (2)):
(1) [ ] The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
(2) [X] The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
(a) $ 100.00 was the daily rental value on the date the complaint was filed.
(b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
dates (specify): ~~JAMS ISSUED PURSUANT TO EXCEPT UCC & CCP~~
b. [ ] Possession of personal property.
[ ] If delivery cannot be had, then for the value (itemize in 24e) specified in the judgment or supplemental order. ~~Monday Friday at 1:30 P.M.~~
c. [ ] Sale of personal property.
d. [ ] Sale of real property.
e. [ ] Description of property: 23625 Nadir Street, Los Angeles, California 91304

Note: Judgment provides no final lockout prior to January 11, 2015

**NOTICE TO PERSON SERVED**
WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying Notice of Levy (Form EJ-150).
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying
officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced
as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the
occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real
property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on
the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the
judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the
time the judgment creditor takes possession of the premises.
► A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).

EJ-130 [Rev. January 1, 2012] **WRIT OF EXECUTION** Page 2 of 2

